GRAham, Judge,
delivered the opinion of the court:
This case involves the pay of an engineer in chief of' the Coast Guard who was retired from the service on July 12, 1919, for physical disability incurred in line of duty.
While serving in the Coast Guard as engineer in chief the plaintiff, by the act of July 1, 1918 (40 Stat. 733), was temporarily promoted to the rank of captain in the Navy and colonel in the Army, and was serving under this promotion at the time of his retirement for physical disability-incurred in the line of duty.
The act of April 16, 1908 (35 Stat. 61), provided that the' engineer in chief when retired should be retired with the-rank of engineer in chief and with the pay of a lieutenant colonel in the Army on the retired list. On examination of plaintiff the Coast Guard retiring board, which convened on December 28, 1918, found that he was permanently incapacitated for active service and that such incapacity was, *93 an incident of the service; that is, that he suffered from physical incapacity incurred in the line of duty. On July 12, 1919, the Secretary of the Navy notified him that he was retired from active service in accordance with section 1 of the act of April 16, 1908, and the previous applicable act of April 12, 1902 (sec. 6), and section 3 of the act of January 28, 1915, retirement to take effect July 12, 1919. This gave the plaintiff only the pay of a lieutenant colonel retired as fixed by the act of 1908.
On July 20, 1925, the Secretary of the Treasury wrote to plaintiff reciting the history of his case and stating:
“As your retirement was effected on account of physical disability incurred in line of duty you are entitled to retirement in the temporary rank held by you at the date of retirement.
“ The department, therefore, holds your status to be that of engineer in chief, retired, with the rank of captain in the Navy and colonel in the Army, and that you are entitled, on the retired list, to receive seventy-five per centum of the duty pay, salary, and increase of the rank to which you had been temporarily promoted at the time of your retirement.”
The acts involved are in footnote.[1]
*94 The question here is whether the plaintiff, having been retired on account of “ physical disability incurred in line of duty ” while serving with the temporary rank of captain in the Navy and colonel in the Army, should on retirement receive the pay of that rank, or whether he should be retired with the rank and pay provided for under the said act of 1908, which would be the rank of engineer in chief and pay of a lieutenant colonel in the Army, retired. It is plain from the act that had the plaintiff been retired on account of age or for any other reason than physical disability incurred in the line of duty, he would under the act of July 1,1918, have received the pay fixed by the act of 1908.
The plaintiff contends that the language of the act “ except for physical disability incurred in line of duty ” clearly indicates that on retirement for physical disability incurred in line of duty he should not have the same pay as a man who had been retired for other causes; that to do this would render the language of the statute meaningless, as the language clearly indicates an intention to except from the rule there laid down for retirement for those temporarily promoted, those who have been retired on account of physical disability; that no other intelligent meaning can be given to the statute, and that the purpose and intent of Congress, as shown by the statute, would be frustrated if the contrary was held.
*95 Where there are two apparently conflicting statutes, it is the policy of the courts to construe them so as to harmonize them, if possible, without necessarily holding that the later repealed the former where there is no express repeal. We think it is possible to do this in this case. The act of 1908 was passed in time of peace and was clearly intended to apply to the ordinary routine of promotion and retirement of the Coast Guard. The act of July 1, 1918, was clearly a temporary war measure. The promotion under it was temporary and the act provided specifically that where an officer promoted thereunder was retired from active service under his permanent commission while holding such temporary rank or grade, he should be retired with the rank or grade of his permanent position in the Coast Guard and not the temporary one given him under the act, except where retired “ for physical disability incurred in line of duty.” In other words, the rank or grade on retirement of these temporarily promoted officers was not to be affected by the temporary promotion except where the retirement was due to physical disability incurred in line of duty; and while the act does not say that in such case they shall be retired with the rank or grade of the temporary promotion, the conclusion is irresistible that such was the intention of Congress. It was simply a temporary exception to the basis of retirement fixed by the act of 1908, and applied only to the limited number of officers who had l'eceived the temporary promotion. It said in effect that while generally an officer’s temporary promotion should not affect his rank and pay on retirement, yet where there had been physical disability incurred in line, of duty an exception' should be made, and it can be readily seen, as the country was at war, why this exception should be made and why it was just and proper that it should be. It did not repeal the act of 1908. It made a temporary exception to its application.
There is another view of this act which tends to support the conclusion we have reached, and it is that presumably Congress was aware of the practice of the Navy Department to give to an officer holding a temporary rank and retiring while holding that rank, the retired pay of that rank. And *96 in passing, it is to be noticed that section 9 of the act of 1917, 40 Stat. 86, contains a similar provision with regard to •officers of the Navy and of the Marine Corps, that where they are retired for any other reason than physical disability incurred in line of duty they shall be retired with the pay of their permanent and not their temporary rank.
It was held by this court in the Bemey ease (38 C. Cls. 218), that the Judge Advocate General, a temporary appointment, who became by reason of the appointment a colonel of the Marine Corps, could be retired with the pay of a colonel, that is, to the temporary office. And in the case of Paymaster General Edwin Stewart, United States Navy (5 Comp. Gen. 821), the decision of the comptroller was to the same effect. These decisions would naturally control the departments in the matter of retired pay of officers holding temporary appointments. With knowledge of this Congress apparently intended that this rule should not apply to officers temporarily promoted in the Navy and Marine Corps under the said act of 1917, and in the Coast Guard under the act of July 1, 1918, and so stated, allowing the rule, however, to remain in force where the retirement was due to physical disability incurred in line of duty.
Even the act of 1908,. remembering that the chief of engineers was a chief engineer temporarily promoted to that office, which he held for four years, allowed such engineer in chief when retired to be retired with that rank and with the retired pay of that rank, which was a lieutenant colonel in the Army on the retired list. Also, the comptroller, on August 13,1920, construing this act of July 1,1918, held that an officer in the Coast Guard holding the temporary rank of captain and retired on account of disability received in line of duty, was retired with the rank and entitled to the retired pay of a captain in the Navy or a colonel in the Army, as claimed by the plaintiff in this case.
Congress, by the act of January 12, 1923 (42 Stat. 1131), gave to the chief of engineers in the Coast Guard on retirement the rank of engineer in chief and the pay of captain on the retired list, and the said action of the Secretary of the Treasury in 1925 in giving him the rank and retired pay of captain in the Navy and colonel in the Army was but *97 in accordance with the evident purpose and intent of Congress and the previous decision of the comptroller.
In the light of the history and decisions and the wording of the act, and the weight which should be given to its construction by the officer whose duty it is to execute it, we conclude that plaintiff is entitled to recover $4,185.79, $2,909.28 of which is the difference between the retired pay of lieutenant colonel received by him and the retired pay of captain in the Navy or colonel in the Army from July 18, 1919, to December 31, 1926, as found by the comptroller, and the balance, $1,276.51, is the difference between $317.18 per month, which plaintiff is now being paid, and $362.50 per month, the retired pay of captain in the Navy and colonel in the Army from December 31, 1926, to date of judgment. Judgment should be entered accordingly.
SiNNOiT, Judge; GkeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.

 “ Chap. 145. An act to increase the efficiency of the personnel of the Revenue Cutter Service.
“ Be it enacted, [etc.,] That on and after the passage of this act the President be, and is hereby, authorized to appoint in the Revenue Cutter Service, by and with the advice and consent of the Senate, * * * one engineer in chief for a period of four years who may be reappointed for further periods of four years each, with the rank of a lieutenant colonel in the Army and a commander in the Navy, and who shall have the pay and allowances of a lieutenant colonel in the Army; * * * Provided, That the position vacated by an officer appointed * * * engineer in chief shall he filled by promotion according to existing law. * * * Provided further, That any officer who shall hereafter serve as engineer in chief shall, when retired, be retired with the rank of engineer in chief and with the pay of a lieutenant colonel in the Army on the retired list,” etc.
* * * * *
“Approved, April 16, 1908.” (35 Stat. 61.)
“ Chap. 114. — An act making appropriations for the naval service for the fiscal year ending June 30, 1919, and for other purposes.
“Be it enacted,” etc.
* * * * *
“ That the President he, and he is hereby, authorized during the period of the present war to promote temporarily, with the advice and consent of the Senate, * * * the engineer in chief of the Coast Guard to the rank of captain in the Navy and colonel in the Army,” etc.
*94 “ That the permanent and probationary commissions of officers of the Coast Guard shall not be vacated by reason of the temporary promotions and advancements authorized by this act, nor shall said officers be prejudiced in their relative lineal rank in regard to their promotion as provided for in existing law: Provides,, That no officer who shall receive a temporary promotion or advancement under this act shall he entitled to pay or allowances except under such promotion or advancement.
* * * * *
“ That any officer of the Coast Guard temporarily promoted or advanced in grade or rank in accordance with the provisions of this act who shall be retired from active service under his permanent commission while holding such temporary grade or rank, except for physical disability incurred in line of duty, shall be placed on the retired list with the grade or rank to which his position in the permanent Coast Guard at the date of his retirement would entitle him.
# # :fr * *
“ That nothing contained in this act relating to the Coast Guard shall operate to reduce the rank, pay, or allowances that would have been received by any person in the Coast Guard except for the passage of this act.
* * * sje *
“Approved, July 1, 1918.” (40 Stat. 704, 732, 733.)